IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       CRIM No. 3:23-CR-14

      v.

CLINT ADDLEMAN       The Honorable Stephanie L. Haines
      U.S. District Judge

## MOTION TO CONTINUE TRIAL AND RESET DEADLINES

The Accused, Client Addleman, respectfully moves this Honorable Court to continue the trial date in this matter, currently set for October 27, 2025. In making this Motion, Mr. Addleman relies on his rights to due process, to a fair trial, to call for evidence in his favor, to present a defense, to confront the witnesses against him, to the effective assistance of counsel, and other rights protected by the Fifth and Sixth Amendments to the United States Constitution and other authorities cited herein or presented at a hearing on this Motion. In support, Mr. Addleman, by undersigned counsel, states as follows:

1. Mr. Addleman, was indicted in the above captioned case on August 20, 2024, and stands charged with Possession of an Unregistered Firearm or Destructive Device (*26 U.S.C. § 5861(d)*); Conspiracy to Maliciously Destroy Property by Explosive or Fire (*18 U.S.C. § 844(n)* and *21 U.S.C. § 846*); and Malicious Destruction of Property by Explosive or Fire Resulting in Death (*18 U.S.C. § 844(i)*). Mr. Addleman faces the possibility of life imprisonment if convicted.

2. Mr. Addleman was first appointed counsel on August 28, 2024, and had learned counsel appointed upon notice from the government that the death penalty could be authorized under *18 U.S.C. § 844(i)*.

3.  Upon notice that the death penalty might be authorized in the case, counsel began investigation for a possible presentation to the Department of Justice Capital Case Committee and was advised that a "seed budget" would be authorized for the initial pre-authorization investigation phase of the case.

4.  On April 21, 2025, the government notified the defense that the Department of Justice had decided not to seek the death penalty. On that notice, counsel for the defense was advised to cease expenditure of investigative funds until it could be determined whether the Court would authorize second counsel to remain on the case and whether investigative resources would be authorized through the budgeting process.

5.  Throughout June, July, and August 2025, counsel worked with the Budgeting Attorney to submit a proposed budget. A budget was submitted on or about August 28, 2025, and was approved by this Court on September 18, 2025. The budget is currently before the Chief Judge of the 3rd Circuit for review and approval.

6.  Trial is currently scheduled to begin on October 27, 2025.

7.  In May of 2025, Criminal Justice Act ("CJA") counsel were advised that federal funding had lapsed and that no payments could be made to counsel or service providers between June and at least October 1, 2025.

8.  CJA counsel have since been advised that no funding is likely to become available in October unless Congress passes a new budget authorization or a continuing resolution that would temporarily fund CJA work at the insufficient levels set in 2024.

9.  Given the budget uncertainty, undersigned counsel has been largely unable to conduct investigation or ask service providers to work on Mr. Addleman's behalf since April 2025.[1]

10. Undersigned counsel requested transcripts of testimony of trial for *United States v. Nevling*, co-defendant in this case on or about August 22, 2025.

11. Receipt of transcripts and investigation of witness testimony contained therein are reasonable and necessary for representation for Mr. Addleman.

12. Substantial investigation work remains outstanding due to unavailability of defense funding. Complete criminal records must be obtained for Mr. Addleman and for many witnesses, including co-defendant Kris Nevling, multiple witnesses who testified at Mr. Nevling's trial, and an unknown number of witnesses who have yet to be identified because investigation has not yet meaningfully commenced due to defense inability to obtain funding.

13. Once records are obtained, witnesses must be interviewed, counsel must review those interviews, and decisions must be made about how and whether to present those witnesses at trial.

14. Counsel needs additional time to prepare for trial, including reviewing transcripts, conducting investigation, filing additional motions based on the evidence

---

[1] Undersigned counsel and service providers agreed to travel to Johnstown to observe the trial of co-defendant Kris Nevling, recognizing that payment may not be forthcoming for that work, because it was viewed that observing the witnesses who would testify against Mr. Addleman was a one-time opportunity that could not be missed. Limited investigation prior to deauthorization of the death penalty was comprised simply of reviewing discovery available at the time and researching public records. No field investigation was authorized as there was no budget approved for travel or service providers.

presented at co-defendant Nevling's trial, preparing and filing motions *in limine*, consulting with experts whose funding has yet to be approved, and meeting with Mr. Addleman to prepare for trial.

15. Much of the work remaining to be completed on the case cannot be done without certainty on CJA funding for attorney, investigator, and service provider hours.

16. Mr. Addleman is currently located at Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505, which is two hours from counsel Walker's office and over four hours from counsel Goldman's office.

17. Counsel has consulted with Assistant United States Attorney Maureen Sheehan-Balchon and Shaun Sweeney and AUSA Sheehan-Balchon OBJECTS to granting this motion.

18. Counsel does not believe that the delay will prejudice the United States and would instead further the interests of justice.

19. All parties agree that a status conference would be beneficial to resolve any further issues arising from the filing of this motion.

### Argument and Memorandum of Law

Five weeks before a two-week trial on charges carrying the possibility of life punishment, Mr. Addleman has not been afforded the investigative, expert, or other service provider funding necessary to prepare or present his defense. Without funding clarity and a continuance sufficient to make use of that funding to provide a constitutionally effective defense, Mr. Addleman will be deprived of his rights under the Fifth and Sixth Amendments. Less than five weeks simply is not enough time to prepare a constitutionally adequate murder defense, or to provide Mr. Addleman the effective assistance of counsel

to which he is entitled under the Sixth Amendment without having been provided resources in time for their effective use.

"When [the Government] brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense." *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985). An indigent defendant must be provided resources for an adequate defense. *Id*. The due process guarantee of fundamental fairness "derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake." *Id*. The Supreme Court

> recognized long ago that mere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and that a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense.

*Id*. at 76.

The Third Circuit has held that failure to conduct meaningful pre-trial investigation constitutes deficient performance of counsel. *United States v. Gray*, 878 F.2d 702, 711 (3rd Cir. 1989) ("Ineffectiveness is generally clear in the context of complete failure to investigate because counsel can hardly be said to have make a strategic choice against pursuing a certain line of investigation when s/he has not yet obtained the facts on which such a decision could be made." (*citing Strickland v. Washington*, 466 U.S. 668, 690-91 (1984))). An attorney cannot make a strategic decision about what evidence to present or how to present it without having conducted meaningful investigation. "[A]n attorney must investigate a case, when he has cause to do so, in order to provide minimally

competent professional representation." *United States v. Kauffman*, 109 F.3d 186, 190 (3d Cir. 1997).

Counsel cannot conduct effective investigation without the support of a defense investigator who can locate and interview witnesses, take statements, and testify at trial if needed. Defense investigators are a constitutionally necessary component of an adequate defense because they enable defense counsel to provide the effective assistance of counsel required under the Sixth Amendment. *18 U.S.C. § 3006A(e)(1)* provides counsel for an indigent person unable to obtain "investigative, expert, or other services necessary for adequate representation" may seek those services from the Court. On a finding that the services are necessary, the Court "shall authorize counsel to obtain the services." *Id*. Through the complex case budgeting process, counsel has shown a basis for why such investigative and certain expert services are necessary to Mr. Addleman's defense. This Court has authorized such services as necessary, but Mr. Addleman has not yet been able to make use of such needed services due to budget shortfalls and the CJA funding freeze. These impediments are not the fault of the U.S. Attorney's Office, the Court, or of Mr. Addleman, but they remain barriers to Mr. Addleman's ability to prepare and present a defense by the October 27th trial date.

Similarly, Mr. Addleman has demonstrated the need for defense experts to assist in preparing and presenting his defense. Undersigned counsel cannot ask or expect these experts to commit substantial time to Mr. Addleman's case without assurance that their fees will be paid. Likewise, undersigned counsel has been unable to devote as much time as needed to Mr. Addleman's defense due to CJA funding shortfalls that have necessitated taking on additional retained work. Unlike the government, undersigned

counsel are private attorneys who depend on representation fees to make their living and provide for their families. While counsel will continue to provide equally zealous representation to appointed and retained clients, they cannot be expected to work without assurances that they will be paid. Neither undersigned counsel has received any payment for work done to date on Mr. Addleman's behalf. Preparation of a two-week murder trial without funding is simply unfeasible and would be potentially ruinous to undersigned counsel's practices.

Mr. Addleman stands charged with a life punishable offense and related serious felonies involving complex issues of forensics, witnesses with significant credibility questions and voluminous criminal histories, and questions of culpability. To force him to trial without the opportunity to gather and investigate evidence against him or prepare to present it effectively at trial would deny him his right to due process under the Fifth Amendment and his rights to call for evidence in his favor, to present a defense, or to the effective assistance of counsel under the Sixth Amendment.

A continuance of six months—if CJA funding becomes available in October— should be sufficient for counsel to prepare for trial, provided the Government discloses information in its possession as it has expressed willingness to do. Should CJA funding remain frozen, Mr. Addleman would require additional time to prepare his defense and would so move the Court accordingly.

A delay of six months would not prejudice the Government, who had the resources to dedicate three (3) Assistant United States Attorneys (AUSAs) for the prosecution of Mr. Nevling and who will have at least two (2) AUSAs for the prosecution of Mr. Addleman should the matter be continued into 2026.  Mr. Addleman remains incarcerated and will

himself bear the burden of delay to ensure his Fifth and Sixth Amendment rights can be protected.

      **WHEREFORE**, the Defendant respectfully moves this Honorable Court to GRANT the Motion and Continue the Trial.


            Respectfully Submitted,


            */s/ Frank C. Walker II*
            Frank C. Walker II

            PA I.D. No. 94840
            WV I.D. No. 11853

            FrankWalkerLaw
            3000 Lewis Run Road
            Clairton, Pa 15025

            412.405.8556 Office
            412.202.9193 Fax
            frank@frankwalkerlaw.com


Date:  September 21, 2025         Counsel for Clint Addleman