IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:23-cr-14-2 |
| v. ) | Judge Stephanie L. Haines |
| ) | |
| CLINT ADDLEMAN ) | |

## OPINION

Currently pending before the Court are the following motions: 1) The Government's Motion in Limine and Notice Pursuant to Rule 404(b) Regarding Porch Thieves Evidence, (ECF No. 273); 2) Government's Motion in Limine and Notice Pursuant to Rule 404(b) Regarding the Placement of a Pipe Bomb, (ECF No. 274); and, 3) Defendant Clint Addleman's ("Mr. Addleman") Motion in Limine to Exclude 404(b) Evidence, (ECF No. 280). The matters have been fully briefed by the parties: Mr. Addleman has filed an Omnibus Response to the Government's Motions, (ECF No. 292) and the Government has filed an Omnibus Response to Defendant's Motion in Limine, (ECF No. 287).

After consideration of these motions, the Court GRANTS the Government's Motion No. 273 and 274 and DENIES Defendant's Motion No, 280, in part because it is moot.

**I.    Introduction**

According to the Government, (ECF No. 287 at 1), Mr. Addleman was a methamphetamine dealer operating in and around Clearfield, Pennsylvania. In the summer of 2019, the Defendant purportedly fronted several hundred dollars' worth of methamphetamine to S.L.C., and when S.L.C. was unable or unwilling to repay him for this debt, the Defendant threatened violence against S.L.C. The Defendant, along with codefendant, Kris Nevling ("Mr. Nevling"), allegedly aided and abetted each other in the construction and possession of a destructive device which was subsequently concealed inside a package addressed to S.L.C. The package was delivered to S.L.C.

1

and on October 19, 2019, detonated inside S.L.C.'s apartment, killing S.L.C. and causing significant fire damage.

On August 20, 2024, a grand jury sitting in the Western District of Pennsylvania returned a four-count Superseding Indictment charging Mr. Addleman with possession of an unregistered firearm/destructive device, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2 (Count One);conspiracy to maliciously destroy property by explosive or fire, in violation of 18 U.S.C. § 844(n) (Count Two); malicious destruction of property by explosive or fire resulting in death, in violation of 18 U.S.C. § 844(i) (Count Three); and conspiracy to distribute and possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 846 (Count Four) (ECF No. 39).

The Defendant is scheduled to begin trial on March 9, 2026. (ECF No. 236).[1]

## II. Standard of Review

The Court notes that it is well-established by the Third Circuit that Federal Rule of Evidence 404(b) is a rule of general exclusion and carries with it no presumption of admissibility. *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (internal citations omitted). That is, "Rule 404(b) directs that evidence of prior bad acts be excluded—unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *Id.* Because Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has "the burden of demonstrating [the evidence's] applicability." *Id.*

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in

---

[1] On August 27, 2025, a jury found Mr. Addleman's co-defendant Mr. Nevling guilty as to the two charges against him, Counts One and Two. (ECF No. 200). The undersigned presided over that trial, and the transcripts of the trial have been docketed at ECF Nos. 218, 219, 220, 221, 222, 223.

2

accordance with the character." But such evidence may be admissible for other purposes, including "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). A four-part test governs the admissibility of other-acts evidence under Rule 404(b). Such evidence must: (1) have a proper, non-propensity purpose; (2) be relevant to that non-propensity purpose; (3) satisfy the requirement under Federal Rule of Evidence 403 that its probative value is not substantially outweighed by the risk of unfair prejudice; and (4) be accompanied by a limiting instruction where requested. *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988). The party seeking admission, here the government, "must do more than conjure up a proper purpose—they must also establish a chain of inferences no link of which is based on a propensity inference." *United States v. Smith*, 725 F.3d 340, 345 (3d Cir. 2013).

The Third Circuit has also emphasized that Rule 404(b) must be applied with "careful precision," and that evidence of defendant's prior bad acts is not to be admitted unless both the proponent and the district court plainly identify a proper, non-propensity purpose for its admission. *United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (citing *Caldwell*, 760 F.3d at 274); *Repak*, 852 F.3d at 244.

### III. Analysis

#### A. The Government's Motion in Limine and Notice Pursuant to Rule 404(b) Regarding Porch Thieves Evidence, (ECF No. 273)

In its motion, the Government represents the following. It will introduce evidence at trial that Mr. Addleman had a dual motive for killing the victim, S.L.C., specifically, that the victim owed him money and had failed or refused to pay the debt, and that Mr. Addleman was concerned that the victim was going to "snitch" on him by implicating him in drug distribution. (ECF No. 273 at 2). The Government will also call witnesses to testify that Defendant had told them he

3

provided drugs to the victim, which she refused to pay for, and that Defendant had said the victim had stolen from him. *Id.* at 3.

At issue in the motion is the admissibility of testimony that prior to the bombing, Mr. Addleman had stated to three witnesses that he intended to conceal and disguise a bomb inside an electronic device, placed on his porch, in response to and with the purpose of punishing people stealing items from his porch. These witnesses are identified as M.M., D.Y., and M.B. *Id.*

If admitted, M.M. will testify that M.M. had a discussion in or around 2014, wherein Mr. Addleman expressed frustration about people stealing items from his porch. Mr. Addleman showed a device to M.M., which had been constructed from a radio and which, according to Mr. Addleman, would detonate when handled by anyone who would try to steal the device from his porch. Witness D.Y. is prepared to testify that, in late 2016 or early 2017, Mr. Addleman expressed frustration to D.Y. regarding people stealing items from Mr. Addleman's porch. To address this problem, Mr. Addleman told D.Y. that he intended to disguise a bomb in a radio, to be placed on his porch, so that anyone who would steal and handle the hidden bomb would be harmed by the detonation of that device. Similarly, witness M.B. will testify that Mr. Addleman was upset about a theft of a Bluetooth speaker from his porch, and that Mr. Addleman said he was going to place another Bluetooth speaker on his porch, and that anyone who would steal that speaker would get a surprise and learn a lesson. *Id.*

Defendant objects to the admissibility of this testimony. He argues that there is no permissible purpose for the evidence, as Mr. Addleman's alleged usage of a bomb in this manner does not mirror the circumstances of the present charges. (ECF No. 292 at 3). He further objects to the admissibility of the evidence because the probative value would be substantially outweighed by the dangers of unfair prejudice, arguing that the use of a bomb to dissuade porch pirates is vastly

different from the use of a bomb to blow up the house of someone who failed to pay him for a drug debt, and thus its probative value is minimal. *Id.* As to the third prong, Mr. Addleman posits that the evidence that he may have used bombs to address thieves constitutes a propensity inference that he would do the same with those who owned him a debt for drugs. *Id.* at 3-4. And finally, he argues that the limiting instruction proposed by the Government, or any limiting instruction for that matter, would not cure the substantial unfair prejudice. *Id.* at 4.

Based on the representations of the Government, the Court finds this testimony admissible under the four-prong *Huddleston* test. With respect to the first prong of the test, the government appropriately offers this witness testimony for two non-propensity purposes: to prove Mr. Addleman's "plan" or his "identity." *Id.* at 4. The testimony about his intent to exact revenge on porch thieves by placing a disguised, seemingly innocuous object which could explode, certainly supports his plan as well as his identity as the perpetrator here. In addition, the testimony relates to non-propensity purposes because it shows that on numerous prior occasions, and leading up to the date of the charged offense, Mr. Addleman engaged in similar conduct. The Government has set forth the facts of proposed testimony and shown how these facts create a chain of inferences that would link to the facts of the charged offense. The Court finds the evidence is relevant to Mr. Addleman's unlawful activities at Counts One through Three, given the other proffered evidence in the case, including that the victim owed Mr. Addleman money, which angered him, and he told other witnesses he was going to "take care of her" or "teach her a lesson." The proffered testimony of M.M., D.Y., and M.B. is relevant because it supports his identity and that he held a nearly identical plan on prior occasions to punish those who stole from him. As to the third prong, i.e., whether the probative value of the evidence would be outweighed by its potential for unfair prejudice, the Court finds that at this juncture, the prejudice is not unfair and does not substantially

outweigh the probative value. As alleged in the Superseding Indictment, the perpetrator in this case placed a bomb disguised as a gift-wrapped electronic device to kill the victim; the proffered evidence is highly probative given the unique and similar method of harming or killing someone by means of a concealed bomb, and is highly probative to the elements of the charged offense.

The Court is persuaded by *United States v Boyle*, 849 Fed. App'x 325 (3d Cir. 2021), cited by the Government in its motion. ECF No. 273 at 5.[2] In that case, the Third Circuit upheld the District Court's ruling that 404(b) evidence was admissible for the non-propensity purposes of preparation and identity. The Court noted that the defendant, charged with bank robbery, had used similar techniques and planning in a prior bank robberies, characterizing them as *modus operendi*: defendant used the same techniques on numerous occasions, such as often wearing two sets of clothes, including a hat, jacket, and tie, covering his face, leaving his mobile phone at home, and targeting banks within twenty miles of his home. *Boyle,* 849 Fed. App'x at 328. The proposed testimony in this case likewise would tend to support the theory that Mr. Addleman's signature or distinctive methods of intimidation and/or punishment of those who challenge him constitute a plan as well as identify him as the alleged perpetrator in this case.

Finally, the minimal risk of the jury drawing an improper propensity inference does not substantially outweigh the probative value of the proposed evidence, and the Court will further minimize this risk by providing a proper limiting instruction on any admitted 404(b) evidence as requested by the parties. The limiting instruction proposed by the Government, or any limiting instruction given by the Court[3], will guard against the concern for the substantial unfair prejudice to Mr. Addleman.

---

[2] Defendant does not address *Boyle* in his Omnibus Response. (ECF No. 292 at 2-4).
[3] The Court will rule on the proper prior bad acts instruction(s) to the jury by separate order at an appropriate time.

Accordingly, the Government's Motion in Limine and Notice regarding Porch Thieves Evidence is GRANTED.

### B. Government's Motion in Limine and Notice Pursuant to Rule 404(b) Regarding the Placement of a Pipe Bomb, (ECF No 274)

Next, the Court addresses the Government's Motion in Limine and Notice Pursuant to Rule 404(b) Regarding the Placement of a Pipe Bomb. (ECF No. 274). This motion seeks the admission of proffered testimony of witness J.S., which the Government argues relates to Counts One through Four of the Superseding Indictment. *Id.* at 2-3. The Government proffers that, relevant to Counts One, Two and Three, J.S. will testify that Mr. Addleman and J.S. discussed S.L.C.'s drug debt to Mr. Addleman and that Mr. Addleman was angry about her debt. J.S. will testify that, on one occasion approximately one month prior to the bombing, J.S. was at Mr. Addleman's residence when he showed J.S. a pipe bomb, stating "this is what happens when you owe me money." Mr. Addleman further stated at that time that he was considering placing the pipe bomb on S.L.C.'s windowsill so that S.L.C. would get evicted from her apartment. Afterwards, and before the bombing, Mr. Addleman allegedly contacted J.S. and asked J.S. to go to S.L.C.'s apartment to retrieve the pipe bomb, which had not exploded, from S.L.C.'s windowsill. J.S. declined this request. *Id.* at 3.

In its motion, as to the four-prong *Huddleston* test, the Government argues that, at prong one, J.S.'s testimony will be used to show Mr. Addleman's plan, motive, and intent (non-propensity purposes under Rule 404(b)) as to Counts One through Three. As to relevancy, the Government argues it is highly relevant to prove his plan, motive, and intent to possess and use an explosive bomb, as charged here, given his attempt to do so within a few weeks prior to the bombing. The Government further argues that, at prong three, the probative value outweighs the potential for causing unfair prejudice to Mr. Addleman, because evidence that Mr. Addleman

7

intended to use a pipe bomb on S.L.C.'s windowsill a few weeks prior to the charged conduct to cause fear or harm as a result of S.L.C.'s failure to pay the debt owed to Mr. Addleman is highly probative. *Id.* at 3-4. The identical location and reason is closely connected to the charged offenses at Count One through Three, according to the Government, which characterizes it as almost "intrinsic" as to those three offenses, because the pipe bomb incident was potentially an unsuccessful attempt to do what ultimately occurred on October 4, 2019. *Id.* Again, the Government argues that any potential prejudice to Mr. Addleman could be cured by an instruction to the jury. *Id.* at 4.

In his omnibus response, Mr. Addleman argues that the four-prong test has not been met. He avers that the Government fails to articulate how the testimony proves a plan, motive, or intent, because the proffered statements do not specifically include a threat of using a pipe bomb to kill the victim. ECF No. 292 at 4-5. He argues that the probative value of the evidence is outweighed by the unfair prejudice to Mr. Addleman, specifically because the evidence does not show a plan, motive or intent but rather appears to be propensity evidence. He further objects to the notion that the limiting instruction could cure the prejudice.

The Court overrules Mr. Addleman's objection and will grant the Government's motion. While J.S.'s statements may not support plan, motive and/or intent to *kill* S.L.C, it certainly supports the notion that Mr. Addleman had a plan, motive, or intent to use a pipe bomb on those who owe him money, and to exact revenge and to harm S.L.C. by getting her evicted from her apartment, within a few weeks of the bombing and at that same location. And while the bomb placed on the windowsill was never detonated and did not explode, the fact that Mr. Addleman told J.S. he was angry about S.L.C.'s failure to pay off the debt, showed him a pipe bomb and linked it to revenge on those who failed to pay him, and even mentioned he was considering putting

it on S.L.C.'s windowsill, is highly probative and shows a plan, motive, and intent. There is a chance of prejudice to Mr. Adleman, however, this is far outweighed by the probative value, and the Court finds that a limiting instruction such as found in the Third Circuit Criminal Instructions will guard against the concern for the substantial unfair prejudice to Mr. Addleman.

### C. Defendant's Motion in Limine to Exclude 404(b) Evidence, (ECF No. 280)

Next the Court addresses Mr. Addleman's Motion in Limine to Exclude 404(b) Evidence. In large part, this motion, to which the government has responded, is moot because the Government has represented that it does not intend to introduce the bulk of potential 404(b) evidence to which Mr. Addleman objects. The two sources of evidence that remain at issue are: 1) testimony from Mr. Addleman's co-defendant's trial; and 2) *Jencks* and *Brady* materials.

#### 1. **Trial Testimony**

Mr. Addleman proposes that certain trial testimony is inadmissible under Rule 404(b) and the Government has responded to each. After a comparison of the challenged testimony, and cross referencing the Government's stated intentions, the remaining issues are presented below, in bold and underlined.

Mr. Adelman's Motion in Limine, ECF No. 280, at 3-4 lists the following as inadmissible:

a. Testimony from several witnesses that Mr. Addleman was involved in the drug trade, was a drug dealer, and/or drug trafficker; (**ECF No. 219, p. 187- 89**; **ECF No. 220**, p. 76-77, 96-97, **141, 158**);

b. Testimony from witnesses that Mr. Addleman "kills people," and that Mr. Addleman killed D.C. (ECF No. 220, p. 79, 247, 252);

c. Testimony from R.D. that Mr. Addleman was trying to kill S.A. (ECF No. 220, p. 73-74);

d. Testimony from R.D. that Mr. Addleman was making him collect debts and that Mr.

9

Addleman had attempted to kill him; (ECF No. 220, p. 76-78);

e. Testimony from witnesses regarding Mr. Addleman having various arguments; and (**ECF No. 220**, p. 73-75, **145**; ECF No. 221, p. 44); and

f. Testimony that Mr. Addleman sent "goons" after Kris Nevling. (ECF No. 223, p. 131).

In response, the Government has stated that as to the trial transcript found at ECF No. 220, it does not intend to call R.D. as a witness (ECF No. 220 at 73-79); it does not intend to elicit testimony found at ECF No. 220 at 96, 97, it does not intend to elicit testimony of Special Agent Kelley Stanton (ECF No. 220 at 247, 252). As for the trial transcript found at ECF No. 221, the government does not intend to call Special Agent Daniel Duffalo as a witness in the Government's case in chief, (ECF No. 221 at 44). And with respect to trial transcript found at ECF No. 223, the government does not intend to elicit the objected to testimony (ECF No. 223 at 131). Accordingly, Mr. Addleman's objections to these portions of the trial transcript are moot, and the Motion in Limine is therefore denied in part as moot as to this trial transcript evidence. If, however, the Government does offer this evidence at trial, Defense counsel may object and the Court can rule on the objection at that time.

In sum, the Court must address the admissibility of the following, as set forth *supra* in boldface type: 1) testimony of S.P. (ECF No. 219 at 187-189), i.e. that Mr. Addleman was involved in the drug trade, which the government submits is relevant to Count Four, conspiracy to possess with intent to distribute and distribution of methamphetamine; 2) testimony of S.A. (ECF No. 220 at 141, 158), i.e. that Mr. Addleman was involved in the drug trade, and again, which the government submits is relevant to Count Four, conspiracy to possess with intent to distribute and distribution of methamphetamine; and 3) testimony of S.A. (ECF No. 220 at 145), i.e., that Mr. Addleman had various arguments, which the government submits is relevant to Count Four,

conspiracy to possess with intent to distribute and distribution of methamphetamine. The Court notes that a majority of the Defendant's objections relate to testimony concerning Mr. Addleman's murder or attempted murder of nine individuals. (ECF No. 280 at 4-5). The Government represents it does not intend to elicit this testimony.

The Court has reviewed the trial transcript testimony at issue, and after a review of Defendant's motion, finds that he has not meaningfully or precisely addressed the basis for his objection to the remaining testimony. The Court disagrees with the Defendant's broad objection that this evidence is extrinsic to the charged conduct, that the probative value is outweighed by the prejudicial effect, and that there are propensity inferences in the chain of inferences that will lead the jury to attribute the alleged prior bad acts with character to act in a particular way. The evidence in support of Court Four has a proper, non-propensity purpose and will be accompanied by a limiting instruction where requested.

Accordingly, as to the remaining trial testimony which is not rendered moot, the Motion in Limine will be denied.

### 2. *Jencks* and *Brady* Materials

Mr. Addleman has also requested the exclusion of evidence recently disclosed in the Government's *Jencks* and *Brady* materials. Specifically, at paragraph 29 in his Motion he objects to the following:

a. Testimony regarding "threats" made by Mr. Addleman to T.B.;

b. Evidence that Mr. Addleman was in physical fights or altercations with any persons, including T.B.;

c. Evidence and testimony that Mr. Addleman gave or attempted to give "hot shots" to people, including J.S.;

d. Statements and testimony from M.S. regarding Mr. Addleman being dangerous, causing people to go missing, being responsible for the deaths of others, and/or any other thing she claims Mr. Addleman is responsible for;

e. Evidence and testimony from J.S. regarding Mr. Addleman and any involvement he had with D.C.;

f. Evidence and testimony from C.S. regarding alleged prior bad acts of Mr. Addleman, including threats to others, including breaking into a police impound lot; and

g. Any evidence of a relationship that Mr. Addleman had with S.L.C.

(ECF No. 280 at 6).

Once again, the government has clarified in its Omnibus Response that it does not intend to elicit a majority of the challenged evidence. (ECF No. 287 at 11-12). The sole remaining category is paragraph 29(g), i.e., any evidence of a relationship that Mr. Addleman had with S.L.C. Accordingly, the Defendant's Motion in Limine as to the categories listed in paragraph 29 (a) through (f), (ECF No. 280 at 6) is denied in part as moot. If, however, the Government does offer this evidence at trial Defense counsel may and the Court can rule on the objection at that time.

As to the remaining category at paragraph 29(g), the Court has little information upon which to base this ruling, except the stated positions of the parties. Mr. Addleman generally objects on the grounds that it is an example "of prior bad acts which are extrinsic to the charged conduct," "[t]he Government has provided no permissible purpose for this evidence," and "the evidence has a low probative value which is substantially outweighed by the prejudicial effect." (ECF No. 280 at 6-7). In response, the Government confirms it intends to introduce evidence of the Defendant's relationship with victim S.L.C. Specifically, the Government:

> "intends to introduce evidence in support of Counts One through Four that the nature of the relationship between victim S.L.C. and the Defendant provided the

12

> motive for the Defendant to commit the charged crimes. Such evidence may include their buyer (S.L.C.) / seller (Defendant) dealings, a debt allegedly owed by S.L.C. to the Defendant, and her fear of the Defendant arising from her refusal or failure to pay the debt."

(ECF No. 287 at 12). In addition, the government intends to introduce evidence in support of Counts One through Three as follows:

> the Government may offer evidence that, prior to the bombing, the Defendant possessed, on his phone, photos of victim S.L.C. which were observed by the Defendant's girlfriend, causing stress in the Defendant's relationship with his girlfriend. This evidence is undeniably highly probative as to Counts One through Three, and that probative value is not substantially outweighed by the risk of unfair prejudice under Rule 403.

*Id.*

At this juncture, the Court will allow the Government to present this evidence. It has plainly identified a proper, non-propensity purpose for its admission in that the nature of their relationship may have been a motive for Mr. Addleman to commit the charged crimes, the probative value outweighs the potential prejudice, and any prejudice can be assuaged by the Court's curative instruction.

Accordingly, Defendant's Motion in Limine (ECF No. 280) is denied as to the *Jencks* and *Brady* disclosures described at paragraph 26 (g).

## IV. Conclusion

In sum, the Court grants the Government's Motion in Limine Regarding Porch Thieves Evidence, (ECF No. 273), grants the Government's Motion in Limine Regarding Placement of a Pipe Bomb, (ECF No. 274), and denies Defendant's Motion in Limine (ECF No. 280) without prejudice. Defendant may renew his objections to the identified evidence to the extent that any evidence provided at trial is irrelevant or inadmissible.

An appropriate order will be entered.

Dated: March 5, 2026

_____
Stephanie L. Haines
United States District Court Judge

cc/ecf: All counsel of record