IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 3:23-cr-14 |
| ) | Judge Stephanie L. Haines |
| CLINT ADDLEMAN ) | |

**OPINION**

Currently pending before the Court are the following four motions in limine, all of which were filed by Clint Addleman ("Defendant" or "Mr. Addleman"): (1) Motion in Limine to Exclude Irrelevant Evidence Pursuant to Federal Rule of Evidence 401 (ECF No. 277); (2) Motion in Limine to Exclude Evidence Pursuant to Federal Rule of Evidence 403 (ECF No. 278); (3) Motion in Limine to Exclude 404(a) Character Evidence (ECF No. 279); and (4) Motion in Limine to Exclude Hearsay Evidence Pursuant to *Crawford* (ECF No. 282). The Government responded to these motions in an Omnibus Response. (ECF No. 287).

After consideration of these motions, the Court DENIES Mr. Addleman's motions at ECF Nos. 277, 278, 279, and 282. Therefore, the Court preliminarily admits the evidence referenced therein at the upcoming trial, subject to further objection by Mr. Addleman during trial.

**I.  Background**

When the Grand Jury returned the Superseding Indictment on August 20, 2024, it charged both Mr. Addleman and his co-defendant, Kris Nevling ("Mr. Nevling"). (ECF No. 38). Mr. Nevling's trial was held in August 2025 and Mr. Addleman's trial is scheduled to begin on March 9, 2026. (*See* ECF Nos. 185-195, 262).

Defendant was charged with the following: possession of an unregistered firearm/destructive device, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2 (Count One);

conspiracy to maliciously destroy property by explosive or fire, in violation of 18 U.S.C. § 844(n) (Count Two); malicious destruction of property by explosive or fire resulting in death, in violation of 18 U.S.C. § 844(i) (Count Three); and conspiracy to distribute and possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 846 (Count Four). (ECF No. 39).

As Mr. Addleman's trial is impending, his counsel filed many motions in limine to exclude certain evidence. The Court addresses four of such motions herein.

## II.   The Court Denies Defendant's Motion at ECF No. 277

### A.   The Parties' Arguments

In Defendant's Motion at ECF No. 277, he seeks to prevent the Government from introducing the following evidence: (1) testimony characterizing Mr. Addleman as a "boogeyman" or known "bad guy[;]" (citing ECF No. 220 at 74, 79, 164, 247, 252) (2) testimony that Mr. Addleman took credit for doing things to people (citing ECF No. 220 at 73-74); (3) testimony that Mr. Addleman was forcing R.D. to collect debts on his behalf (citing ECF No. 220 at 76-77); (4) testimony from A.K. that Mr. Addleman owned or used firearms (citing Jencks & Brady Disclosures); and (5) testimony that S.L.C. was supposedly pregnant when she died (citing Jencks & Brady Disclosures). (ECF No. 277 at 2-3). Defendant seeks to exclude all of this evidence pursuant to Federal Rules of Evidence 401 and 402.

The Government's contends that parts of this Motion are moot because it does not intend to call certain witnesses in its case-in-chief or does not intend to elicit the objected-to testimony from trial witnesses. Specifically, the Government does not intend to call R.D. to testify as a witness, which it argues renders moot the evidence Defendant objects to at ECF No. 220 pages 73, 74, 76, 77, and 79, which is most of the evidence at (1), (2), and (3), above. The Government also

2

does not intend to elicit testimony from A.K. regarding the Defendant's possession of firearms or testimony that S.L.C. was purportedly pregnant, which goes to the evidence (4) and (5) above, respectively. Further, the Government does not intend to elicit opinions from witnesses as to Defendant's character, such as him being a "boogeyman" or that he is "here to do the devil's work," but the Government argues it may introduce evidence that the Defendant has used such terms to describe himself. (ECF No. 287 at 2-4).

**B. Legal Standard**

Pursuant to Federal Rule of Evidence 401, evidence is considered "relevant" if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Pursuant to Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the federal rules of evidence, or other rules prescribed by the Supreme Court provide otherwise.

**C. Analysis**

Here, much of Defendant's Motion is rendered moot by the Government's response that it does not intend to offer such evidence. Specifically, Defendant's objections to: (1) testimony that he took credit for doing things to people; (2) testimony that Mr. Addleman was forcing R.D. to collect debts on his behalf; (3) testimony from A.K. that Mr. Addleman owned or used firearms; and (4) testimony that S.L.C. was supposedly pregnant when she died, are all moot by virtue of the Government's response. *See United States v. Finley*, No. 12-16 J, 2014 WL 4411071, at *5 (W.D. Pa. Sept. 5, 2014) (denying in part as moot Defendant's motion in limine as the government did not intend to offer the objected-to testimony).

As to the remaining evidence at issue (i.e., testimony characterizing Mr. Addleman as a "boogeyman" or known "bad guy[,]" or that he is "here to do the devil's work"), while references

to Mr. Addleman in this fashion by counsel in his co-defendant's trial will not be permitted, the Government may introduce evidence that Defendant used such terms to describe himself as relevant evidence. Accordingly, the Court denies Defendant's Motion at ECF No. 277.

**III.   The Court Denies Defendant's Motion at ECF No. 278**

   **A. The Parties' Arguments**

Defendant moves to exclude the following evidence pursuant to Federal Rule of Evidence 403:

1. Testimony characterizing Mr. Addleman as a "boogeyman" or known "bad guy" (citing ECF No. 220 at 74, 79, 164, 247, 252);
2. Testimony that Mr. Addleman was responsible for the deaths of other individuals (citing ECF No. 220 at 79);
3. Testimony that people were afraid of Mr. Addleman (citing ECF No. 220 at 130-31, 172-73, 221; ECF No. 223 at 9);
4. Testimony that Mr. Addleman sent "goons" after Kris Nevling (citing ECF No. 223 at 131);
5. Testimony that Mr. Addleman was forcing R.D. to collect debts for him (citing ECF No. 220 at 76-77);
6. Testimony that Mr. Addleman attempted to kill R.D. (citing ECF No. 220 at 76-78);
7. Testimony regarding "threats" made by Mr. Addleman to T.B. (citing Jencks & Brady Disclosures); and
8. Statements and testimony from M.S. regarding Mr. Addleman being dangerous, causing people to go missing, being responsible for the deaths of others, and/or any other thing she claims Mr. Addleman is responsible for. (citing Jencks & Brady Disclosures).

(ECF No. 278).

Defendant contends that the above evidence should be excluded because it is irrelevant and, even if it is relevant, it should be excluded because any probative value it may have is substantially outweighed by dangers of unfair prejudice and misleading the jury. (ECF No. 278 at 3-5). Specifically, Mr. Addleman argues that testimonial evidence of his reputation or character of being a "boogeyman" or "bad guy" is not probative and comes with a substantial danger of unfairly prejudicing the jury as a jury who hears repeatedly that he is a "boogeyman" of sorts over

4

the course of a multi-day trial will have their judgment clouded. (*Id.*). Similarly, Mr. Addleman contends that the statement that he sent "goons" after Kris Nevling has limited probative value as it does not bear on the crimes charged and is accompanied by the substantial danger of clouding the jury's decision-making because this evidence improperly influences the jury to make decisions on improper and emotional grounds. (*Id.* at 3-4). Defendant also argues that testimony or statements that he made threats to people in a completely unrelated incident, such as with T.B., or uncorroborated and broad statements regarding Mr. Addleman being the cause for harm in Clearfield, such as with M.S., are substantially more prejudicial than probative. (*Id.* at 4-5).

In response, the Government takes issue with the Defendant's analysis of the admissibility and characterization of the identified evidence. (ECF No. 287 at 4). The Government argues that parts of Defendant's Motion are moot because the Government does not intend to call certain witnesses or elicit objected-to testimony and that the remainder of the evidence is admissible evidence. (*Id.*). Specifically, the Government argues the following (the numbers corresponding with the numbered objected-to evidence above):

1. This is moot as the Government does not intend to call R.D. as a witness. Further, the objected-to reference to the Defendant as a "boogeyman" or known "bad guy" was made by defense counsel, and not a government witness. The Government does not intend to elicit opinions from witnesses as to Defendant's character, but the Government may introduce evidence that the Defendant has used such terms to describe himself. (ECF No. 287 at 4-5). Further, the Government does not intend to elicit the objected-to testimony relating to the Facebook messages between the victim and certain associates. (*Id.* at 5).
2. This is moot as the Government does not intend to call R.D. as a witness. (*Id.* at 4).
3. The Government points out that the objected-to reference of fear of the Defendant only appears on page 131 at ECF No. 120 at lines 6 and 7, not at pages 130, 172, and 173 as Defendant cites. The Government states that it does not intend to elicit the objected-to testimony on page 131 (relating to testimony that people were afraid of Defendant). (ECF No. 287 at 5). Further, the Government does not intend to call S.M. as a witness. (*Id.*). The Government also does not intend to elicit the objected-to testimony at ECF No. 223 at 9 (relating to testimony that people were afraid of Defendant).

    4. The Government does not intend to elicit the objected-to testimony at ECF No. 223 at 131.
    5. This is moot as the Government does not intend to call R.D. as a witness.
    6. This is also moot because the Government does not intend to call R.D. as a witness.
    7. The Government does not intend to call T.B. as a witness.
    8. The Government does not intend to elicit the objected-to testimony from M.S.

(ECF No. 287 at 4-5).

### B. Legal Standard

Pursuant to Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In the Third Circuit, there is a "strong presumption" that relevant evidence should be admitted. *Forrest v. Beloit Corp.*, 424 F.3d 344, 355 (3d Cir. 2005).

### C. Analysis

The Court finds that Defendant's Motion as to the objected-to evidence at 2, 3, 4, 5, 6, 7, and 8, as numbered and identified above, is moot as the Government does not intend to call the witnesses identified by Defendant or elicit this objected-to testimony. *See Finley*, 2014 WL 4411071, at *5 (denying in part as moot Defendant's motion in limine as the government did not intend to offer the objected-to testimony).

That leaves only the objected-to evidence at number one, which is evidence referencing Defendant as a "boogeyman" or known "bad guy." As to this, the Government states that it does not intend to elicit opinions from witnesses as to Defendant's character on this point, but that it may introduce evidence that the Defendant has used such terms to describe himself. (ECF No. 287 at 4-5). As previously found in the Court's Analysis in Defendant's Motion at ECF No. 277, while references to Mr. Addleman by counsel in his co-defendant's trial that characterize him as a "boogeyman" or known "bad guy[,]" or that he is "here to do the devil's work" will not be

permitted, the Government may introduce evidence that Defendant used such terms to describe himself as this Court finds Defendant's identification of himself in these terms with these charged offenses is relevant and its probative value is not substantially outweighed by unfair prejudice. Accordingly, the Court denies Defendant's Motion at ECF No. 278.

### IV. Mr. Addleman's Motion at ECF No. 279

#### A. The Parties' Arguments

Mr. Addleman seeks to prevent the jury from hearing the following evidence:

1. N.H. testified that he accompanied S.P. to Mr. Addleman's house because she "had some concerns for her safety," and "Mr. Addleman was a larger individual" (ECF No. 219 at 172-73);
2. N.H. testified that he and S.P. did not want to be left alone with Mr. Addleman and were uncomfortable at the house (ECF No. 219 at 178-79);
3. S.P. testified that her father and Mr. Addleman were involved in the drug trade together, and that he supplied her with methamphetamine at his home (ECF No. 219 at 187-89);
4. S.P. testified that she was concerned for her safety around Mr. Addleman (ECF No. 219 at 189);
5. R.D. testified that "[he] knew about Clint Addleman" and that "he was a bad dude[,]" (ECF No. 220 at 73), and that Mr. Addleman was "like the local bad guy that everybody was afraid of[,]" (ECF No. 220 at 73), also that Mr. Addleman "would do things to people or take credit for doing things to people whether anybody knew for sure he did it or not." (ECF No. 220 at 73-74);
6. R.D. characterized Mr. Addleman as a "big bad wolf" (ECF No. 220 at 74);
7. R.D. testified that his "co-defendant" told him Mr. Addleman was forcing him to collect debts, that Mr. Addleman beat up someone, and that he even tried to give R.D. a "hot shot[,]" (ECF No. 220 at 76-77), R.D. further explained that Mr. Addleman was "trying to kill [him] for various reasons" (ECF No. 220 at 77-78);
8. R.D. testified that the "kind of reputation" that Mr. Addleman has is that he "kills people" (ECF No. 220 at 79);
9. C.G. testified that he was "warned to be cautious" of Mr. Addleman (ECF No. 220 at 96);
10. C.G. testified that Mr. Addleman had a "reputation" for dealing meth, that he was a "bad guy[,]" and he "makes people disappear" (ECF No. 220 at 96-97, 108-09);
11. J.N. testified that Mr. Nevling said he was told by S.L.C. she was afraid of Mr. Addleman because "she owed him money" (ECF No. 220 at 130-31);
12. S.A. testified he knew Mr. Addleman to sell methamphetamines (ECF No. 220 at 141);

7

13. S.A. testified that he and Mr. Addleman had a dispute and Mr. Addleman "stole left out from me" (ECF No. 220 at 145);
14. S.A. testified that Mr. Addleman was a "local dealer in the Clearfield area" (ECF No. 220 at 158);
15. S.A. testified that Mr. Addleman was the "boogieman[,]" a "bad guy" and a "bad hombre" (ECF No. 220 at 164);
16. S.M. testified that Mr. Addleman is "just this big guy that everybody's afraid of in town" (ECF No. 220 at 221);
17. During Special Agent Kelly Stanton's testimony where messages were read which point blame to Mr. Addleman in the event something bad happens to S.L.C. or Kris Nevling (ECF No. 220 at 235-36, 247, 252);
18. T.L. testified that Mr. Nevling said he was afraid because Mr. Addleman had threatened him (ECF No. 223 at 9);
19. Mr. Nevling testified that Mr. Addleman "had sent his goons after him" (ECF No. 223 at 131);
20. Testimony regarding "threats" made by Mr. Addleman to T.B. (Jencks & Brady Disclosures); and
21. Statements and testimony from M.S. regarding Mr. Addleman being dangerous, causing people to go missing, being responsible for the deaths of others, and/or any other thing she claims Mr. Addleman is responsible for (Jencks & Brady Disclosures).

Mr. Addleman seeks to prevent the jury from hearing certain character evidence, which he contends can be summarized as: (1) evidence of Mr. Addleman's character trait of instilling fear or causing people to be afraid; (2) evidence that Mr. Addleman had a character for dealing drugs; (3) evidence that Mr. Addleman was a bad man; (4) evidence that Mr. Addleman had a character for killing people or making people think he had killed others; (5) evidence that Mr. Addleman had a character for threatening and harming others; and (6) evidence that Mr. Addleman had a character for violence insofar that if something bad happened he was to blame. (ECF No. 279 at 4). Mr. Addleman states there are no exceptions to permit this form of evidence to be admitted. (*Id.*).

In response, the Government argues that portions of Mr. Addleman's motion are moot because it does not intend to call certain witnesses and/or does not intend to elicit the objected-to testimony from trial witnesses. (ECF No. 287 at 6). The remainder of Mr. Addleman's identified

evidence, the Government contends, is admissible evidence. Specifically, the Government contends that Defendant's Motion as to the following evidence is moot (the numbers correspond to Mr. Addleman's objected-to evidence as numbered above):

| | |
|---|---|
| 1. | Defendant's objection to references that S.P. "had concerns for her safety" is moot as this was stated by Government counsel and not the Government witness (citing ECF No. 219 at 172-73); |
| 2. | Testimony that " . . . [S.P.] always told me: do not leave me alone with him, do not leave me alone . . ." (ECF No. 219 at 178) is moot as the Government does not intend to elicit this testimony; |
| 5, 6, 7, 8. | The Government does not intend to call R.D. as a witness; |
| 9. 10, 11. | The Government does not intend to elicit the objected-to testimony; |
| 15. | The reference to Mr. Addleman as the "boogeyman" or known "bad guy" was made by defense counsel and can therefore be introduced; |
| 16. | The Government does not intend to call S.M. as a witness; |
| 17. | The Government does not intend to elicit this objected-to testimony; |
| 18, 19. | The Government does not intend to elicit the objected-to testimony; |
| 20. | The Government does not intend to call T.B. as a witness; |
| 21. | The Government does not intent to elicit the objected-to testimony from M.S. |

The Government contends that the following objected-to evidence is admissible (the numbers correspond with the numbering of Defendant's objected-to evidence above):

| | |
|---|---|
| 1. | The Government intends to offer testimony from N.H. and/or S.P. that N.H's main purpose for accompanying S.P. to buy drugs from Mr. Addleman was that S.P. (a petite female) was afraid to go alone to purchase drugs from Defendant. Additionally, the objected-to reference regarding the Defendant's physical size is admissible as the witness' first-hand and direct knowledge and observations. (citing ECF No. 219 at 173). |
| 3, 4, 12, 13, 14. | The Government intends to elicit the objected-to testimony on pages 187-89 as to evidence of Defendant's guilt as to count four, conspiracy to possession with intent to distribute and distribution of methamphetamine. |
| 15. | The Government may introduce evidence that Defendant used such terms as being a "boogeyman" or "he is here to do the devil's work" to describe himself. |

**B.   Legal Standard**

Federal Rule of Evidence 404(a) provides, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." The Advisory Committee's Note to this rule explains: "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *See also United States v. Lee*, 612 F.3d 170, 198 (3d Cir. 2010). Federal Rule of Evidence 404(a)(2)(A) states that "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it[.]"

**C.  Analysis**

As the Government states that it does not intend to call certain witnesses and present certain objected-to evidence at trial, the Court partially denies Defendant's motion as moot. This ruling is as to Defendant's objected-to evidence at numbers 1 (partially), 2, 5, 6, 7, 8, 9, 10, 11, 15 (partially), 16, 17, 18, 19, 20, and 21. As to Defendant's objected-to evidence at paragraphs 1, 3, 4, 12, 13, 14, and 15, the Court denies Defendant's Motion in Limine as to this evidence for the following reasons.

As to Defendant's objected-to evidence at paragraph 1, Defendant seeks to exclude to the testimony of N.H. that he accompanied S.P. to Mr. Addleman's house because S.P. "had some concerns for her safety," and "Mr. Addleman was a larger individual[.]" (ECF No. 279 at 2 ¶5(a) (citing ECF No. 219 at 172-73)). References that S.P. had concerns for her safety were made by counsel for the Government and were not testimony, and as such, are not evidence. *See Showers*, 635 F.3d at 631 n.8 (stating "[q]uestions posed by counsel themselves do not constitute evidence

10

. . ."). However, as to the other portions of the objected-to evidence at paragraph 1, the Government states that it will offer testimony to show that N.H.'s main purpose for accompanying S.P. to buy drugs from Mr. Addleman was that S.P. (a petite female) was afraid to go alone to purchase drugs from Defendant. (ECF No. 287 at 6). Additionally, the Government contends the objected-to reference regarding the Defendant's physical size is admissible as the witness' first-hand and direct knowledge and observations. (ECF No. 219 at 173). The Court agrees with the Government that these areas of inquiry are permissible as they are not 404(a) character evidence. Testimony that S.P., as a petite female, was afraid to go alone to purchase drugs from Defendant is not evidence of his character or a character trait. Likewise, evidence as to Defendant's physical size is admissible through a witness with first-hand and direct knowledge. *See* Fed. R. Evid. 701.

As to the objected-to evidence shown above as Defendant's paragraphs 3, 4, 12, 13, and 14, the Government contends that it intends to elicit this evidence for purposes of showing Defendant's guilt as to Count Four, which is conspiracy to possess with intent to distribute and distribute methamphetamine. (ECF No. 287 at 7-8). At Count Four, the Government must prove beyond a reasonable doubt that: (1) that two or more people agreed to distribute and to possess with the intent to distribute methamphetamine; (2) that Defendant was a party to, or member of, that agreement; and (3) that Defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives. *U.S. v. Jimenez*, No. 2:11-cr-53, 2012 WL 4378171, at *2 (W.D. Pa. Sept. 24, 2012).

The objected-to testimony at paragraphs 3, 4, 12, 13, and 14 above involves the following: (1) S.P.'s testimony that her father and Defendant were involved in the drug trade together and that Defendant supplied S.P. with methamphetamine at his home; (2) S.P.'s testimony that she was

concerned for her safety around Defendant; (3) S.A.'s testimony that he knew Defendant to sell methamphetamines; (4) S.A.'s testimony that he and Defendant had a dispute and Defendant "stole left out from me[;]" and (5) S.A.'s testimony that Defendant was a "local dealer in the Clearfield area[.]"

With the elements of Count Four and this objected-to evidence in place, the Court notes that evidence tending to show that Defendant was involved in the drug trade is relevant to proving Defendant's guilt at Count Four. *See generally U.S. v. Martinez*, 494 Fed. Appx. 222, 226 (3d Cir. 2012) (holding, in relevant part, that the district court properly found that evidence of defendant's presence in prior drug-dealing situations was relevant for non-propensity purposes in a prosecution for conspiracy to distribute and possess with intent to distribute various illegal drugs).

Indeed, if Defendant was involved in the drug trade it is more likely that he possessed methamphetamine and engaged in a conspiracy to possess and distribute such a controlled substance. Moreover, in general, it is well-established that prior instances of drug distribution, established through conviction or otherwise, are relevant to whether a defendant has an intent to distribute a controlled substance as charged in an indictment. *See, e.g., United States v. Lee*, 573 F.3d 155, 166 (3d Cir. 2009).

Lastly, as to Defendant's objected-to evidence at paragraph 15, regarding that S.A. testified Mr. Addleman was the "boogieman[,]" a "bad guy" and a "bad hombre[,]" the Government has stated it does not intend to elicit opinions as to Defendant's character in this way, but that it may introduce evidence that the Defendant has used such terms to describe himself. (ECF No. 287 at 8). As previously found in the Court's Analysis in Defendant's Motions at ECF Nos. 277 and 278, while references to Mr. Addleman by counsel in his co-defendant's trial that characterize him as a "boogeyman" or known "bad guy[,]" or that he is "here to do the devil's work" will not be

permitted, the Government may introduce evidence that Defendant used such terms to describe himself. Accordingly, the Court denies Defendant's Motion at ECF No. 279.

### V. The Court Denies Defendant's Motion at ECF No. 282 as Moot

#### A. The Parties' Arguments

In this Motion, Defendant asks the Court to exclude the following evidence:

1. Any testimony elicited from a witness that the Government will not or cannot call during Defendant's trial;
2. Any statements made by Kris Nevling to officers during interrogations;
3. Any statements made by any other person during police interrogations;
4. Statements made by J.S. to investigators;
5. Statements made by M.S. to investigators;
6. Statements made by B.O. to investigators;
7. Statements made by C.S. to investigators; and
8. Grand jury testimony of any and all grand jury witnesses, including but not limited to B.I., B.D., C.G., N.C., S.A., and T.C.

Defendant contends that the objected-to evidence is testimonial in nature and if certain witnesses are not present or refuse to testify at trial, then their testimonial statements are inadmissible pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004). Defendant contends that this evidence would violate the Confrontation Clause of the Sixth Amendment of the United States Constitution. (ECF No. 282).

The Government responds that it does not intend to offer any inadmissible testimonial hearsay against Defendant at trial. As such, the Government argues, the Motion is moot. (ECF No. 287 at 19).

#### B. Legal Standard

The Sixth Amendment to the United States Constitution's Confrontation Clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause prohibits the admission

of out-of-court testimony unless "the declarant is unavailable, and . . . the defendant has had a prior opportunity to cross-examine." *Crawford*, 541 U.S. at 68.

### C. Analysis

The Court finds Defendant's Motion is moot as the Government does not intend to offer any of this evidence against Defendant at trial. (ECF No. 287 at 19). Accordingly, the Court denies Defendant's Motion at ECF No. 282.

### VI. Conclusion

In sum, the Court denies Defendant's Motions at ECF Nos. 277, 278, 279, and 282 without prejudice. Defendant may renew his objections to the identified evidence to the extent that any evidence provided at trial is irrelevant or admissible.

An appropriate order will be entered.

Dated: March 6, 2026

_____
Stephanie L. Haines
United States District Court Judge